UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                     Case No. 1:19-cv-339

DANIEL THODY, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff United States of America's Motion to Dismiss Defendant Thody's Counterclaim (ECF No. 25) and Defendant Walter-Eliyah Thody's Motion to Dismiss with Extreme Prejudice (ECF No. 35). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the United States' motion be **GRANTED** and that Defendant's motion be **DENIED**.

The United States filed this action on May 1, 2019 against Defendants Daniel I. Thody and Walter-Eliyah Thody, seeking to obtain a judgment against Daniel Thody for the amount he presently owes to the United States on his federal tax liabilities. The government also seeks to enforce federal tax liens against real property titled in Daniel Thody's name and located in Newaygo County, Michigan. (ECF No. 1 at PageID.2-5.) The government joined Walter-Eliyah Thody as a party because he has, or may claim, an interest in the property. (*Id.* at PageID.1–2.)

On August 8, 2019, Daniel Thody answered the complaint and included a counterclaim "made pursuant to the documentation filed in the criminal case (5:13-cr-00153-OLG) referenced in Plaintiff's claim where numerous examples were put on file demonstrating both Defendant's

status and the lack of basis for the indictment (and subsequent prosecution) in that case." (ECF No. 24 at PageID.24.) Daniel Thody requests damages of $5 million per day for over six years of violations. (*Id.*)

## Motion to Dismiss Counterclaim

The United States argues that Daniel Thody's counterclaim is subject to dismissal on the grounds that it does not set forth a basis for jurisdiction and fails to invoke a waiver of sovereign immunity.[1]

A motion under Rule 12(b)(1) for lack of jurisdiction may be brought either as a facial attack or a factual attack. *Gentek Bldg. Prods. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations of the complaint as true. If those allegations establish federal claims, jurisdiction exists.

*Id.* (citations omitted). On the other hand, when a motion presents matters outside the pleadings in an attack on jurisdiction, the district court may make factual findings to resolve the dispute. *Lovely v. United States*, 570 F.3d 778, 781–82 (6th Cir. 2009). Because the United States' Rule 12(b)(1) motion focuses on the sufficiency of the allegations supporting the counterclaim, it presents a facial attack.

Federal courts are courts of limited jurisdiction, and thus, a party asserting a claim bears the burden of establishing that the constitution or a statute grants the court jurisdiction to hear the claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In addition, the

---

[1] The United States further argues that the counterclaim fails to state a claim. Given that the Court lacks jurisdiction, there is no need to address whether the counterclaim states a claim.

doctrine of sovereign immunity precludes suits against the United States without its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Absent consent to be sued and a waiver of sovereign immunity by the United States, a court lacks subject matter jurisdiction over claims brought against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). Moreover, a waiver of sovereign immunity "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Finally, the scope of a waiver must be strictly construed in favor of the United States. *Id.*

Daniel Thody's counterclaim fails to cite any statute purporting to operate as a waiver by the United States of its sovereign immunity. In his response, Daniel Thody argues, essentially, that the Court should give him a pass because of his pro se status. But a plaintiff's pro se status does not excuse him from alleging a legally sufficient claim. *See Anderson v. Medicare Ins.*, No. 14-CV-4832 (PJS/HB), 2015 WL 4429381, at *1 (D. Minn. July 20, 2015) (concluding that a pro se plaintiff failed to show that her allegations established a waiver of sovereign immunity). It is Daniel Thody's burden to establish such a waiver, *see Morris v. United* States, 540 F. App'x 477, 483 (6th Cir. 2013), and he has failed to do so. To the extent Daniel Thody suggests that documents filed in his criminal case identify the basis of a waiver, his argument lacks merit, as a plaintiff is required to allege a waiver of sovereign immunity in his complaint in order to state a plausible claim for relief against the United States. *Balcewicz v. United States*, No. 18-10294, at *1 (E.D. Mich. Apr. 25, 2018). Accordingly, the counterclaim is subject to dismissal.

**Motion to Dismiss Complaint**

In his motion to dismiss with extreme prejudice, Walter-Eliyah Thody takes issue with the United States' description in the Joint Status Report of his alleged security interest in the real property—evidenced by a recorded Uniform Commercial Code financing statement—as facially invalid and commercially unreasonable. However, the Joint Status Report is not a pleading, *see* Fed. R. Civ. P. 7(a), and thus has no bearing on whether the complaint presents a viable claim. Walter-Eliyah Thody cites no court rule or case supporting dismissal of the complaint in this case, and having reviewed the complaint, the undersigned finds no reason to conclude that it does not allege a viable claim.

Accordingly, the undersigned recommends that Plaintiff United States of America's Motion to Dismiss Defendant Thody's Counterclaim (ECF No. 25) be granted and Defendant Walter-Eliyah Thody's Motion to Dismiss with Extreme Prejudice (ECF No. 35) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: December 16, 2019         /s/ Sally J. Berens
                                 SALLY J. BERENS
                                 U.S. Magistrate Judge