UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                Case No. 1:19-cv-339

DANIEL THODY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Walter-Eliyah Thody's Motions to Dismiss with Extreme Prejudice for Lack of Subject Matter Jurisdiction.  (ECF Nos. 47 and 52.)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that both motions be **DENIED** as frivolous.

In a Report and Recommendation issued December 16, 2019 (ECF No. 39), the undersigned recommended that Defendant Walter-Eliyah Thody's Motion to Dismiss with Extreme Prejudice (ECF No. 35) be denied because Defendant cited no court rule or case supporting dismissal of the complaint.  Defendant's instant motions are equally meritless, adding only that this Court lacks jurisdiction "to make any ruling or determination regarding Michigan State's Uniform Commercial Code laws, statutory provisions, practices, or filings made within its jurisdiction."  (ECF No. 47 at PageID.186; ECF No. 52 (stating that the Court cannot proceed further without proof of claimed jurisdiction).)  The Court has jurisdiction over the instant case. 26 U.S.C. § 7403(c).  In connection with that jurisdiction, the Court is not only permitted, but is required to consider and apply Michigan law in determining the validity of Defendant's alleged

security interest.  *See Rooney v. Mason*, 394 F.2d 250, 253 (10th Cir. 1968) ("A federal court in seeking to determine the validity of a security interest challenged by the trustee in bankruptcy must look to the applicable state law."); *In re Baxter & Co.*, 154 F.2d 22, 25 (2d Cir. 1907) (noting that "state laws, creating interests in or liens upon property within the state, control the federal courts whenever the question arises as to the validity, extent, and all the conditions of such an interest or lien"); *Lomberg & Del Vescovo, LLC v. Sash*, No. 13-3117, 2014 WL 1292670, at *4 (D.N.J. Mar. 31, 2014) ("[F]ederal courts often determine the status of a lien or other obligation, looking to state law to make their decisions."); *In re 1/2 Mile Lumber Co.*, 326 B.R. 876, 881 (Bankr. S.D. Fla. 2005) ("Federal courts are duty bound to apply state law when determining the extent, validity, and priority of liens and security interests created pursuant to state law.").

Accordingly, the undersigned recommends that Defendant's motions to dismiss (ECF Nos. 47 and 52) be **denied**.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: February 25, 2020                                    /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge