UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                  Case No. 1:19-cv-339

DANIEL I. THODY, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

On July 17, 2020, Plaintiff filed a motion to compel Defendant Daniel I. Thody to answer its discovery requests. (ECF No. 91.) Defendant responded (ECF No. 96), arguing in part that the Court lacks jurisdiction over this action because Plaintiff filed its complaint based on the vacated judgment in Defendant's criminal case and the subsequent, or active, judgment provides no basis or jurisdiction for the claim. Plaintiff interpreted Defendant's response as a motion to dismiss for lack of jurisdiction and filed a response. (ECF No. 97.) Defendant has filed a reply. (ECF No. 100.)

Because I construe Defendant's response as a challenge to the Court's subject matter jurisdiction—which this Defendant has not yet challenged by way of motion—and because defects in subject matter jurisdiction may be raised at any time during the proceeding, *see Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 n.4 (6th Cir. 2008), I issue this Report and Recommendation addressing Defendant Daniel I. Thody's motion challenging the Court's jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that his motion (ECF No. 96) be **DENIED**.

**Background**

On November 8, 2013, Defendant was found guilty after a jury trial in the United States District Court for the Western District of Texas, pursuant to 26 U.S.C. § 7201, of willfully attempting to evade and defeat payment of his federal tax liabilities for tax years 2006–2010. *See United States v. Daniel I. Thody*, No. 5:13-cr-00153-OLG (W.D. Tex.). On August 21, 2014, United States District Judge Orlando L. Garcia sentenced Defendant to 90 months imprisonment, followed by three years of supervised release. The court also ordered restitution in the amount of $162,857.00. (ECF No. 96-1.) Defendant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, raising several issues, including that the district court erred in imposing restitution as part of his tax evasion sentence. *United States v. Thody*, 637 F. App'x 790 (5th Cir. 2016). The court agreed with Defendant, noting that "[w]e have held that restitution cannot be imposed as part of a tax evasion sentence." *Id.* at 793. The court vacated that portion of the sentence and remanded to the district court to consider whether to impose restitution as a condition of supervised release, a permissible condition under Fifth Circuit law. *Id.* at 793–94.

On remand, following a hearing, the district court entered a new judgment on October 13, 2016, ordering Defendant to pay restitution in the amount of $162,037.00—the tax loss in the case—as a condition of supervised release. (ECF No. 96-2 at PageID.420.) Defendant appealed the new judgment to the Fifth Circuit, arguing that the district court erred in imposing restitution and that the amount of restitution had not been properly established. *United States v. Thody*, 697 F. App'x 433, 435 (5th Cir. 2017). The court rejected both arguments, noting that restitution was authorized under 18 U.S.C. § 3663 and that the restitution amount had been established in the presentence investigation report, and Defendant offered no evidence to rebut the facts cited therein. *Id.*

Plaintiff filed its complaint against Defendant in the instant case on May 1, 2019, pursuant to 26 U.S.C. § 7401, to reduce to judgment Defendant's unpaid federal tax liabilities and to enforce federal liens against certain real property that Defendant owned. (ECF No. 1.) Count I sought judgment for the 2006 tax year based on assessments made on May 4, 2019, in the total amount of $17,129.33. (*Id.* at PageID.3.) In addition, referencing the October 13, 2016 criminal judgment, Plaintiff alleged that Defendant was ordered to pay restitution totaling $162,857.00 as the amount of the tax loss to the government. Plaintiff alleged that a delegate of the Secretary of the Treasury had made assessments for Defendant's unpaid restitution liabilities on July 3, 2017. (*Id.* at 3–4.)

On December 18, 2019, Plaintiff filed a motion to file a supplemented and amended complaint after becoming aware of an intervening change in Sixth Circuit law indicating that the Internal Revenue Service (IRS) had prematurely assessed the restitution-based tax liabilities set forth in paragraph 12 of the complaint. Plaintiff alleged that, at the time the restitution-based assessments were made, the IRS believed they were proper under the terms of the applicable statute, 26 U.S.C. § 6201(a)(4)(B), because Defendant's appeals in his criminal case had concluded. Plaintiff noted, however, that after it filed its complaint in this case, the Sixth Circuit issued its decision in *United States v. Rankin*, 929 F.3d 399 (6th Cir. 2019). In *Rankin*, the Sixth Circuit adopted the Fifth Circuit's approach in *United States v. Westbrooks*, 929 F.3d 399 (5th Cir. 2017), that restitution imposed as part of supervised release in a tax evasion case may not commence until the defendant begins his term of supervised release. *Id.* at 410. Plaintiff explained that, because Defendant's supervised release had not yet commenced when the July 3, 2017 restitution assessments were made, the IRS determined that they were premature in light of *Rankin*. (ECF No. 41 at PageID.168.) The IRS therefore abated the July 3, 2017 assessments and made new assessments against Defendant on December 9, 2019—after Defendant began his term of

3

supervised release. The IRS then recorded Notices of Federal Tax Lien with the Newaygo County Register of Deeds on December 10, 2019. (*Id.* at PageID.168.) Plaintiff requested to file a supplemental and amended complaint addressing these post-complaint developments. It noted, however, that *Rankin* did not affect the portion of its claim seeking to enforce the non-restitution-based assessment for the 2006 tax year made on May 4, 2009. (*Id.*) The Court granted Plaintiff's motion to supplement on January 28, 2020. (ECF No. 50.)

## Discussion

Defendant argues that the Court lacks jurisdiction over this case because, at the time Plaintiff filed its complaint, Defendant was still incarcerated and had not started his term of supervised release, precluding the IRS from issuing assessments for Defendant's restitution-based tax liability. Defendant argues that Plaintiff "plainly admitted that it lacked jurisdiction to file this suit when it did" when it moved to file its supplemented and amended complaint. (ECF No. 96 at PageID.405.) Defendant further argues that Plaintiff's restitution-based claim is defective because it was only the vacated criminal judgment that required Defendant to pay restitution since the current criminal judgment contains no restitution provisions. (*Id.* at PageID.406.)

Defendant's arguments lack merit. To begin, assuming *arguendo* that a premature assessment constitutes a jurisdictional defect rather than a merits-base defect in a claim under 26 U.S.C. § 7401 to reduce an outstanding federal tax assessment to judgment, the Court had jurisdiction over the complaint at the time of filing because the complaint alleged not only Defendant's restitution-based tax liability but also his liability for his unpaid 2006 income tax based on IRS assessments issued on May 4, 2009. (ECF No. 1 at PageID.2–3.) The non-restitution-based assessments were not a part of Defendant's criminal case and thus were unaffected by the post-complaint change in the law set forth in *Rankin*. Thus, that Plaintiff filed a first supplemented and amended complaint adding allegations to address the assessments made on December 9, 2019

4

regarding Defendant's restitution-based tax liability is irrelevant to the Court's jurisdiction over this case. Defendant's argument that Plaintiff's claim based on the non-restitution assessments for the 2006 tax year is barred by the statute of limitations is not germane to jurisdiction because the statute of limitations is an affirmative defense that may be waived and is thus not jurisdictional in nature. *See United States v. Hakim*, 2:19-cv-10107, 2020 WL 1703880, at *3 (E.D. Mich. Apr. 8, 2020); *United States v. Buaiz*, No. 3:07-cv-83, 2008 WL 5204147, at *4 (E.D. Tenn. Dec. 11, 2008). Because Defendant has not filed a motion to dismiss or for summary judgment asserting a statute of limitations defense, the issue is not before the Court.

Defendant's remaining arguments—that the current criminal judgment does not impose restitution, that the jury never found and Defendant never admitted the amount of restitution in his criminal case, and whether the amount of restitution assessed was correct—do not pertain to the Court's jurisdiction and need not be addressed at this time.[1] Accordingly, I recommend that Defendant's challenge to the Court's jurisdiction be rejected.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

[1] In any event, Defendant's argument that the October 14, 2016 criminal judgment does not impose restitution lacks merit, as restitution is clearly imposed as a condition of supervised release. (ECF No. 96-2 at PageID.420.) Likewise, his assertion that the condition of restitution is somehow invalid because it does not specify the party to whom payment is to be made also lacks merit. The condition notes that restitution is for the tax loss in the case. Payment would naturally be made to the IRS. Finally, *United States v. Haymond*, __ U.S. __, 139 S. Ct. 2369 (2019), which dealt with revocation of a defendjant's supervised release, has nothing to do with the issues in this case.

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 30, 2020             /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge