UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                        Hon. Janet T. Neff

v.                                                         Case No. 1:19-cv-339

DANIEL THODY, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on the following motions by Defendant Walter-Eliyah Thody: (1) Demand for Dismissal Pursuant to Provisions of U.S. Constitution and High Court Decisions (ECF No. 114); and (2) Motion to Dismiss Harassment Suit and for Compensation for Defendant's Costs (ECF No. 129). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motions be **DENIED**.

In his first motion, Defendant argues, once again, that this Court is proceeding without subject matter jurisdiction in "defiance of the U.S. Constitution's provisions and case law of High Court." (ECF No. 114 at PageID.525.) The Court has previously rejected Defendant's multiple challenges to its subject matter jurisdiction. (ECF No. 101 at PageID.480.) Defendant offers no valid basis for the Court to depart from its prior rulings. Thus, this motion may be summarily denied.

In his second motion, Defendant argues that, because Plaintiff is the federal government and this Court is a federal court, "it would be absolutely impossible for [this Court] to rule in true objectivity." (ECF No. 129 at PageID.597.) Defendant further complains about Plaintiff's

counsel's "arbitrary, capricious, whimsical and unlawful conditions in his filings of Plaintiff's Interrogatories seeking information having No relevance to conditions of any of Michigan State's controling [sic] UCC law for '. . . determining validity, extent and all conditions of . . .' W. Thody's subject lien." (*Id.* at PageID.128–29 (underlining and capitalization in original).) Finally, Defendant argues that Plaintiff has not shown any deficiency in Defendant's lien pursuant to Michigan's Uniform Commercial Code.

None of Defendant's arguments provides a basis for dismissal. First, Defendant cites no authority to support his claim that this Court cannot decide the case with true objectivity simply because the plaintiff is the federal government. Indeed, if that were that were the case, no federal court could ever adjudicate a case brought by the federal government. This argument is frivolous. Second, Defendant's complaints about Plaintiff's interrogatories provide no basis for dismissal. Moreover, as I have previously found, Defendant failed to timely answer Plaintiff's discovery requests, thereby waiving the objection he now puts forth. Finally, to the extent Defendant argues that Plaintiff has failed to meet its burden of proving that Defendant's lien is invalid, Defendant fails to put forth any evidence, argument or authority supporting his request for dismissal. If Defendant believes that Plaintiff lacks evidence to support its position, he may file a properly-supported motion for summary judgment.

Accordingly, I recommend that Defendant's motions (ECF Nos. 114 and 129) be **denied**.

Dated: December 9, 2020         /s/ Sally J. Berens
                                SALLY J. BERENS
                                U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).