UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                          Case No. 1:19-cv-339

DANIEL THODY, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Discovery Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) against Defendant Walter-Eliyah Thody. (ECF No. 131.) Defendant has filed a response. (ECF No. 143.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Plaintiff's motion be **GRANTED** and that the Court enter a default judgment against Defendant Walter-Eliyah Thody finding that he has no right, title, claim, lien, or interest in the real property that is the subject of this suit.

Plaintiff filed its complaint in this case on May 1, 2019, seeking to reduce to judgment unpaid federal income tax liabilities of Defendant Daniel I. Thody and to enforce tax liens against certain real property that Daniel Thody owns, commonly known as 6754 West 104th Street, Fremont, Michigan 49412 (the Property). (ECF No. 1 at PageID.1-2.) Plaintiff joined Daniel's father, Walter, as a party because he has or claims a lien in the Property. (*Id.*) On January 28, 2020, the Court granted Plaintiff's motion to file a supplemented and amended complaint. (ECF No. 50.) In its first amended and supplemented complaint, Plaintiff alleged that on March 10, 2014, Defendants filed a UCC financing statement with the Newaygo County Register of Deeds naming

Daniel Thody as the "Debtor" and Walter Thody as the "Secured Party" and identifying the Property as the collateral securing a loan in the sum of $950,000. (ECF No. 51 at PageID.209.) Plaintiff attached a copy of the financing statement to the amended pleading and alleged that it was void because it was neither signed by the Debtor nor notarized and did not qualify as a valid mortgage against real property. Alternatively, Plaintiff alleged that the purported lien is void as a fraudulent transfer. (*Id.* at PageID.209–10.)

On December 17, 2019, pursuant to the November 26, 2019 Case Management Order (ECF No. 36), Plaintiff served its Rule 26(a)(1) initial disclosures on Defendants. Although Daniel Thody provided his disclosures to Plaintiff, Walter Thody did not. Plaintiff sent Walter Thody two separate letters, on January 15, 2020, and February 18, 2020, demanding that Walter Thody provide his disclosures by the deadlines set forth therein. (ECF Nos. 64-1 and 64-2.) Walter Thody still did not comply.

On February 18, 2020, Plaintiff served a set of interrogatories on Walter Thody. The interrogatories—seven in number—requested information pertaining to the existence of Walter Thody's purported UCC lien, including, among other things, the factual basis of the $950,000 consideration that Walter Thody extended to Daniel Thody as the basis for Walter Thody's purported security interest in the Property. (ECF No. 68-1.) On or about March 19, 2020, Walter Thody responded to the interrogatories with a one-page objection, asserting that he was not obligated to answer the interrogatories because the Court lacked subject matter jurisdiction. (ECF No. 68-1 at PageID.282.)

On March 31, 2020, Plaintiff moved for an order compelling Walter Thody to provide his initial disclosures and to answer fully Plaintiff's interrogatories. (ECF No. 68.) The Court granted the motion on April 23, 2020 (ECF No. 73), directing Walter Thody to provide his initial

disclosures and to fully answer Plaintiff's interrogatories within 30 days of the order. The Court warned Walter Thody that if he failed to comply with the order, it would consider imposing an appropriate sanction, including a default judgment establishing the first priority status of Plaintiff's lien against Walter Thody's purported UCC lien. (*Id.* at PageID.299–300.) The Court overruled Walter Thody's objection to the April 23, 2020 Order in an Opinion and Order issued on August 31, 2020, finding Walter Thody's jurisdictional challenge "wholly without merit." (ECF No. 101 at PageID.480–81.) To date, Walter Thody has not complied with the April 23, 2020 Order.

Federal Rule of Civil Procedure 37(b)(2) authorizes a variety of sanctions against a party who fails to obey an order to provide discovery, up to and including entry of a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). In addition, if a party fails to disclose a witness or information as required by Rule 26(a), the party is not allowed to use the information or witness testimony in a motion, hearing, or trial unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court may also impose any of the sanctions listed in Rule 37(b)(2)(A), as appropriate, for a failure to provide Rule 26(a) disclosures. Fed. R. Civ. P. 37(c)(1)(C). A court has substantial discretion in determining an appropriate sanction under both Rule 37(b)(2) and Rule 37(c). *See Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988).

> In imposing discovery sanctions, a court must consider the following factors:
>
> 1) whether the defaulting party's failure to cooperate with discovery was willful and in bad faith as opposed to an inability to cooperate; 2) whether the adversary was prejudiced; 3) whether the defaulting party was warned that his failure to cooperate could lead to a default judgment; and 4) whether less drastic sanctions were imposed or considered before the default judgment was ordered.

*Stooksbury v. Ross*, 528 F. App'x 547, 553–54 (6th Cir. 2013) (citing *Bank One of Cleveland, N.A v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (quoting *Regional Refuse Sys. V. Inland Reclamation Co.*, 842 F.3d 150, 154 (6th Cir. 1988))). A party's pro se status is no excuse for failing to respond

3

properly to discovery requests. *Monea v. Zimmerman* (*In re Family Resorts of Am., Inc.*), 972 F.2d 347 (Table), 1992 WL 174539 at *3 (6th Cir. 1992). "Simply put, 'if a party has the ability to comply with a discovery order and does not, dismissal,' and we add or entry of default 'is not an abuse of discretion.'" *Bank One*, 916 F.2d at 1073 (quoting *Regional Refuse*, 842 F.2d at 154).

Regarding the first factor, there is little question that Walter Thody's failure to answer Plaintiff's discovery requests, provide disclosures, and comply with the Court's order was not due to a good faith misunderstanding of the rules or an inability to provide the requested information. Rather, his conduct throughout this case—filing one frivolous motion after another and maintaining baseless challenges to the Court's jurisdiction over this case—demonstrates clear contumacy toward Plaintiff and this Court. Walter Thody offers a number of excuses in his response for not answering Plaintiff's interrogatories, some of which reiterate his previously-raised frivolous arguments. Walter Thody does note, however, that he has been subjected to an institutional lockdown due to COVID-19 since April 1, 2020, but this is no excuse for failing to comply with the Court's order. Defendant did not require time in the law library or an opportunity to consult with anyone outside his facility to respond to Plaintiff's interrogatories requesting information regarding the alleged security interest/lien in the Property. Defendant possessed all of the information that he needed to answer the discovery requests. Moreover, Defendant has demonstrated an unimpeded ability to file meritless motions and other documents in this case as he sees fit. (*See* ECF Nos. 35, 52, 56, 102, 114, 119, 123, 124, 126 and 129.)

Regarding the second factor, Plaintiff has been prejudiced by Walter Thody's failure to provide the discovery responses. A party is prejudiced by the defaulting party's conduct if it is "required to waste time, money, and effort in pursuit of cooperation which [the defaulting party] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

4

Walter Thody possesses all the information underlying the creation and validity of his purported UCC lien and has deprived Plaintiff of the information it needs to explore and contest its validity. The prejudice requirement is thus satisfied.

Third, the April 23, 2020 Order explicitly warned Walter Thody that the Court would consider an appropriate sanction, including entry of a default judgment, if he failed to comply with the order. (ECF No. 73.) Walter Thody continues to flout not only the order, but this Court's authority, through his specious lack-of-jurisdiction motions and arguments and refusal to answer Plaintiff's interrogatories.

The last factor is whether less drastic sanctions were imposed or considered. The Court has not previously imposed sanctions, but Walter Thody's history in this case strongly indicates that anything less than a default judgment would be meaningless. Walter Thody has made no effort to provide the requested discovery and has indicated through his litigation conduct that he does not intend to substantiate his purported UCC lien. A default judgment finding that Walter Thody has no right, title, claim, lien, or interest in the Property is not only warranted, but necessary in order to address Walter Thody's bad-faith conduct. Although Plaintiff proposes an alternative sanction that would preclude Walter Thody from introducing any evidence related to the topics covered in Plaintiff's interrogatories, except evidence in the public record or subject to judicial notice, this sanction would still be tantamount to a default judgment because the only evidence in the public record or subject to judicial notice is the unsigned UCC financing statement purporting to create a mortgage lien in the Property.

Entry of a default judgment, like a dismissal, is an extreme sanction for a discovery violation and is appropriate only in cases of willfulness or bad faith. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 643 (1976) (per curiam). But "where there

is a showing of a clear record of delay or contumacious conduct by the [defaulting] party," *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993), a default judgment may be entirely appropriate. Here, as set forth above, Plaintiff has made the requisite showing of delay *and* contumacious conduct to support entry of a default judgment against Walter Thody.

Accordingly, I recommend that Plaintiff's motion for discovery sanctions (ECF No. 131) be **granted** and that the Court enter a default judgment against Defendant Walter-Eliyah Thody finding that he has no right, title, claim, lien, or interest in the Property.

Dated: January 25, 2021                                        /s/ Sally J. Berens
                                                               SALLY J. BERENS
                                                               U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).