UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                              Hon. Janet T. Neff

v.                                           Case No. 1:19-cv-339

DANIEL I. THODY, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is an action by the United States for entry of judgment on certain federal income tax assessments against Defendant Daniel I. Thody and for enforcement of federal tax liens against real property titled in Daniel Thody's name and located in Newaygo County, Michigan. A default judgment has previously been entered against Defendant Walter-Eliyah Thody, finding that he has no right, title, claim, lien, or interest in the real property that is the subject of this suit. (ECF No. 163 at PageID.756.)

Now before me are: (1) Defendant Daniel I. Thody's Motion to Dismiss for Lack of Jurisdiction (ECF No. 162); and (2) the United States' Motion for Summary Judgment (ECF No. 167). The motions are fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Daniel Thody's motion be **DENIED** and that the United States' motion be **GRANTED**.

## I.   Background

On November 8, 2013, Defendant[1] was found guilty after a jury trial in the United States

District Court for the Western District of Texas, pursuant to 26 U.S.C. § 7201, of willfully

attempting to evade and defeat payment of his federal tax liabilities for tax years 2006–2010. *See*

*United States v. Daniel I. Thody*, No. 5:13-cr-00153-OLG (W.D. Tex.). On August 21, 2014, the

Texas court sentenced Defendant to 90 months imprisonment, followed by three years of

supervised release. The court also ordered restitution in the amount of $162,857.00. (ECF No. 96-

1.) Defendant appealed his sentence to the United States Court of Appeals for the Fifth Circuit,

claiming, among other things, that the district court erred in imposing restitution as part of his tax

evasion sentence. *United States v. Thody*, 637 F. App'x 790 (5th Cir. 2016). The court of appeals

agreed with Defendant and vacated and remanded that portion of the sentence to the district court

to consider whether to impose restitution as a condition of supervised release, a permissible

condition under Fifth Circuit law. *Id.* at 793–94.

On remand, following a hearing, the district court entered a new judgment on October 14,

2016, ordering Defendant to pay restitution in the amount of $162,037.00—the tax loss in the

case—as a condition of supervised release.[2] (ECF No. 96-2 at PageID.420.) Defendant appealed

the new judgment to the Fifth Circuit, arguing that the district court erred in imposing restitution

and that the amount of restitution had not been properly established. *United States v. Thody*, 697

F. App'x 433, 435 (5th Cir. 2017). The court rejected both arguments, noting that restitution was

authorized under 18 U.S.C. § 3663 and that the restitution amount had been established in the

---

[1]  All references herein to Defendant are to Daniel I. Thody and not Defendant Walter-Eliyah Thody.

[2]  The restitution amount was reduced by $820 on remand due to an error in the amount of the tax loss for the 2010 year in the presentence report prepared by the probation officer. *See United States v. Thody*, No. 14-50904, 2015 WL 2365426, at *22 & *22 n.5 (5th Cir. May 14, 2015) (United States' Br.).

presence investigation report, and Defendant offered no evidence to rebut the facts cited therein. *Id.*

Defendant's term of supervised release began on September 13, 2019. *See United States of America v. Daniel Isaiah Thody*, No. 1:19-pt-30 (W.D. Mich.) (Case No. 1:19-pt-30), ECF No. 4. On October 31, 2019, the Western District of Texas transferred jurisdiction over Defendant while on supervised release to this district. *See id.* On December 9, 2019, a delegate of the Secretary of the Treasury made assessments against Defendant for the unpaid restitution liabilities for the tax years 2006–2010. (ECF Nos. 167-3 at PageID.795; 167-4 at PageID.800; 167-5 at PageID.804; 167-6 at PageID.808; 167-7 at PageID.812.)

The United States filed its complaint in this case on May 1, 2019, pursuant to 26 U.S.C. § 7401, to reduce to judgment Defendant's unpaid federal tax liabilities and to enforce federal tax liens against Defendant's real property located at 6754 West 104th Street, Fremont, Michigan 49412 (subject property). (ECF No. 1.) Count I sought judgment for the 2006 tax year based on assessments made on May 4, 2009, in the total amount of $17,129.33. (*Id.* at PageID.3.) Count I also alleged that pursuant to October 14, 2016 criminal judgment, Defendant was ordered to pay restitution totaling $162,857.00, as the amount of the tax loss to the government. The complaint alleged that a delegate of the Secretary of the Treasury had made assessments for Defendant's unpaid restitution liabilities on July 3, 2017. (*Id.* at 3–4.)

On January 28, 2020, the Court granted the United States' motion to supplement and amend its complaint after it become aware of an intervening change in Sixth Circuit law indicating that the Internal Revenue Service (IRS) had prematurely assessed the restitution-based tax liabilities set forth in paragraph 12 of the complaint. In light of this development, the IRS determined that the July 3, 2017 assessments were premature and, therefore, abated them and made new

assessments against Defendant on December 9, 2019—after Defendant began his term of supervised release. (ECF No. 41 at PageID.168.) The IRS then recorded Notices of Federal Tax Lien with the Newaygo County Register of Deeds on December 10, 2019. (*Id.*)

On April 21, 2021, the Hon. Janet T. Neff entered a judgment revoking Defendant's supervised release and sentencing him to six months' imprisonment. *See* Case No. 1:19-pt-30, ECF No. 59. On May 21, 2021, the Court granted the United States' motion to stay this matter pending the earlier of Defendant's resumption of supervised release or assessment by the IRS of the income tax deficiencies against Defendant that were pending and would be duplicative of the restitution-based assessments at issue in this action. (ECF No. 187.) On or about October 15, 2021, Defendant was release from custody of the Bureau of Prisons. (ECF No. 193.) Therefore, the stay was lifted on November 8, 2021. (ECF No. 196.)

## II.   Discussion

### A.      Defendant's Motion to Dismiss

In his motion challenging jurisdiction, Defendant argues that the Court lacks jurisdiction, and the case should be dismissed for various reasons. The United States responds that Defendant has already filed a motion challenging the Court's jurisdiction over this matter, which was denied (ECF Nos. 110 and 145), and Defendant's instant motion should be denied because it is barred by the law of the case doctrine and is an improper serial motion presenting grounds for dismissal that have already been rejected. (ECF No. 173 at PageID.909.) Notwithstanding the United States' procedural objections, Defendant's arguments on the merits may be quickly dispatched.

First, Defendant contends that the portion of the case based on the restitution assessments is subject to dismissal because Defendant is no longer on supervised release. Defendant points to his filing in Case No. 1:19-pt-30, titled "Defendant [sic] Termination of Supervised Release," ECF No. 31, in which he purported to self-terminate his term of supervised release. Judge Neff denied

4

that motion on the same day she entered the judgment revoking Defendant's supervised release. *Id.*, ECF No. 57 at PageID.294. Defendant's point appears to be that once his supervised release has ended or been revoked, the restitution assessments that were made during the term of supervised release are no longer enforceable. He offers no legal authority to support his argument. In any event, Defendant is still on supervised release, so his argument is irrelevant.

Next, Defendant points to what he believes are deficiencies in the United States' discovery responses. But even if those responses were somehow deficient, they have no bearing on the Court's jurisdiction or on any other ground for dismissal set forth in Federal Rule of Civil Procedure 12(b). Moreover, if Defendant believed that the discovery responses were deficient, his recourse would have been to confer, or attempt to confer, with the United States' counsel about the responses pursuant to Fed. R. Civ. P. 37(a) and this Court's Local Civil Rule 7.1(d), and then file a motion to compel if the parties were unable to resolve the issue. Regardless, his specific arguments lack merit. First, regarding the United States' authorization to file suit under 26 U.S.C. § 7401, the United States placed the appropriate documents in the record when it responded to Defendant's consolidated appeal of the discovery order and related report and recommendation (ECF Nos. 109 and 110) issued on September 30, 2020. (ECF No. 120-1 (Dep't of Treasury Suit Authorization Letter of May 3, 2018); ECF No. 120-2 (Sklarew Aff.).) Second, the United States' responses to Defendant's first set of discovery requests (ECF No. 173-1) show that it provided Defendant appropriate documents (Forms 4340 and 3050) to verify the adequacy and validity of the assessments. Such documents are generally considered sufficient proof of the matter. *See Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). Finally, in light of the fact that a default judgment has been entered against Defendant Walter-Eliyah Thody, finding that he has no right, title, claim, lien, or interest in the subject property (ECF No. 163 at PageID.756), Defendant's

contention that Michigan's Uniform Commercial Code governs the creation and recording of interests in real property is immaterial to the remaining issues in this case.

### B.   United States' Motion for Summary Judgment

The United States requests summary judgment against Defendant, personally, for: (1) the initially assessed liability for tax, penalty, and interest, for the 2006 income tax period, in the amount of $18,851.82 (as of March 26, 2021) plus interest accruing thereafter; and (2) the additional restitution-based liability for the 2006 tax year and for years 2007 through 2010, in the amount of $162,037.00. In addition, the United States seeks summary judgment that the federal tax liens securing the tax liabilities for the foregoing periods have attached to the subject property and are superior to any liens or claims of Defendant Walter-Eliyah Thody, and the United States may enforce such liens against the subject property through a judicial sale free and clear of all rights, title, liens, claims, and interests, including rights of redemption, that Defendants may have. (ECF No. 167 at PageID.772–73.)

### 1.   Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

6

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## 2.    Pertinent Facts

After Defendant failed to file an income tax return for the 2006 tax year, a delegate of the Secretary of the Treasury made assessments for income tax and penalties for the 2006 year against Defendant in the following amounts, with a balance due with interest, accruals, and costs as of March 26, 2021, as follows:

| Federal Income Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance due as of 3/26/2021 |
|---|---|---|---|---|
| 2006 | 5/4/2009 | Estimated Tax Penalty | $339.19 | |
| | 5/4/2009 | Additional Tax Assessed | $7,168.00 | |
| | 5/4/2009 | Late Filing Penalty | $1,612.80 | |
| | 5/4/2009 | Late Payment Penalty | $896.00 | $18,851.82[3] |

---

[3]  This figure does not include amounts that have accrued since March 26, 2021.

(ECF No. 167-1 at PageID.785–86; ECF No. 167-2.) Notice and demand for payment of these federal tax liabilities was made upon Defendant, but Defendant failed to pay the balance due.

The amounts assessed above were based on information returns filed by third parties reporting income that they paid to Defendant during 2006, which allowed the IRS to make a "substitute for return" assessment of $0.00 pursuant to 26 U.S.C. § 6211. During the criminal trial, the government showed that Defendant had additional, unreported income for the 2006 year, which formed the basis for the amount of restitution for the 2006 tax year. (ECF No. 167-3 at PageID.794.)

A delegate of the Secretary of the Treasury made the following assessments against Defendant for unpaid restitution liabilities as follows:

| Tax Period | Assessment Date | Assessed Tax |
|---|---|---|
| 2006 | 12/9/2019 | $15,711.00 |
| 2007 | 12/9/2019 | $36,687.00 |
| 2008 | 12/9/2019 | $35,173.00 |
| 2009 | 12/9/2019 | $51,694.00 |
| 2010 | 12/9/2019 | $23,592.00 |
| **Total** | | **$162,857.00** |

(ECF No. 167-1 at PageID.785–86; ECF Nos. 163-3–167-7.)[4] Notice and demand for payment of these restitution liabilities was made upon Defendant, but Defendant failed to pay the balance due. Accordingly, Defendant remains liable to the United States in the amount of $162,037.00 for his unpaid restitution liabilities.[5]

---

[4] As noted above, the restitution amount was subsequently reduced by $820.00 to correct an error in the calculation of the original amount for the 2010 tax year. The IRS has been instructed to abate the incorrect part of the restitution assessment for the 2010 year. (ECF No. 167-1 at PageID.786.)

[5] The United States notes that the Court is holding $3,867.58 in Case No. 1:19-pt-30 as proceeds from a wage garnishment in that case, which will be credited against a judgment in this case once those funds are paid over to the IRS. (ECF No. 167-9.)

Defendant purchased the subject property on August 31, 2012, for a purchase price of $80,000.00. (ECF Nos. 167-12; 167-15; 167-19; 167-20.) Pursuant to 26 U.S.C. § 6323(f), a delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien (NFTL) for Defendant's income tax liabilities with the Newaygo County, Michigan, Register of Deeds, as follows:

| Type of Tax | Periods Ending | Date NFTL Filed or Re-Filed | Newaygo County Recording Data |
|---|---|---|---|
| Income | 12/31/2006 | 11/20/2017 4/15/2019 | Liber 467, Page 9596 Liber 473, Page 4633 |
| Restitution | 12/31/2006; 12/31/2007; 12/31/2008; 12/31/2009; 12/31/2010 | 12/10/2019 | Liber 476, Page 2629 |

(ECF Nos. 167-21–167-23.)

### 3.    Discussion

#### a.    The Assessments

The United States has sufficiently supported its motion for summary judgment with documentary evidence and an affidavit from Amber DaCamara, an IRS Revenue Officer and Acting Group Manager for Civil Enforcement Advice and Support Operations, of the Collections Branch of the IRS's Small Business/Self-Employed Division. (ECF No. 167-1.) Courts have rejected the contention that certificates of assessments and payments are inadmissible hearsay. *See Walcott v. United States*, 782 F. App'x 728, 733 (10th Cir. 2019). Rather, they are admissible as public records. *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); *United States v. Case* (*In re Case*), 564 B.R. 450, 456 (Bankr. N.D.N.Y. 2017) (IRS certificates of assessments are admissible as both public records and business records and "are presumptive proof that a valid tax assessment has been made"). As the Sixth Circuit has observed, "[c]ertificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the

contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry*, 962 F.2d at 557.

Defendant has not presented any admissible evidence to rebut the presumption that the assessments were valid. While Defendant does present an affidavit, its contents are best described as irrelevant. (ECF No. 171-1 at PageID.897 (Defendant stating that he has "NOT agreed to participate in UNITED STATES OF AMERICA's internal tax program;" that he "has NOT voluntarily and knowingly entered into privity with UNITED STATES OF AMERICA or its employees;" he is "NOT involved in taxable activity;" and he "has NOT agreed to file a tax return").) *See United States v. Griffin*, No. 1:98-CV-196, 1998 WL 786209, at *4 (W.D. Mich. Sept. 28, 1998), *aff'd*, 1999 WL 775912 (6th Cir. Sept. 24, 1999) (the defendants' assertion that their lack of contractual relationship with the federal government excused them from paying federal income tax was frivolous). Defendant appears to claim that he made a "DOLLARS" payment that he enclosed along with a "CONDITIONAL ACCEPTANCE FOR VALUE FOR PROOF OF CLAIM" that he sent to the United States' counsel. (ECF No. 171 at PageID.897–98.) Defendant made this same argument in Case No. 1:19-pt-30 regarding his payment in "dollars" that he had created. (Case No. 1:19-pt-30, ECF No. 69 at PageID.354–56.) In fact, Defendant explained that his so-called "dollars" have "no utilitarian value other than the purpose for which I'm using it, which is essentially to raise the issue to the Government about the Government's decision to eliminate the definition of a dollar, to make the economic basis of this country based on a financial fraud, and to bring that to a head as an issue." *Id.* at PageID.405. The Court concluded that it was "clear without a doubt" that Defendant had not paid restitution as required by the criminal judgment and that Defendant was "fully aware" that his "alleged payments are invalid." *Id.* at 407–08. Thus, Defendant's assertion is demonstrably false.

Defendant also raises several meritless arguments as to the validity of the restitution assessments. First, he contends that they were based on a "voided/vacated judgment." (ECF No. 171 at PageID.889.) As set forth above, however, on remand from the Fifth Circuit, the Texas district court entered a new judgment which ordered Defendant to pay restitution as a condition of supervised release. That judgment was affirmed on appeal by the Fifth Circuit and remains valid today. Furthermore, the restitution assessments now at issue in this case were made while Defendant was on supervised release. Second, Defendant appears to argue that the IRS cannot abate an erroneous amount included in an assessment, and instead must fully abate the mistaken amount and reassess the liability. However, Defendant cites no statute, regulation, or case law to support this assertion. Finally, Defendant asserts that there was no finding of tax loss in his criminal trial to support the restitution assessments, but it is too late for Defendant to make this argument. As Judge Neff noted in Case No. 1:19-pt-30, "the final judgment from the Western District of Texas is res judicata, it has been appealed and affirmed, and all appeal windows have since expired." Case No. 1:19-pt-30, ECF No. 57 at PageID.294 (internal quotation marks omitted).

Moreover, for purposes of the instant case, the doctrine of issue preclusion bars Defendant from relitigating the validity or amount of the restitution that was imposed as a condition of supervised release in the criminal tax case. "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the

11

issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996). All of these elements are satisfied, as Defendant contested the legality of the restitution assessments in Case No. 1:19-pt-30, the issue was necessary to determination of whether Defendant violated the terms of his supervised release by failing to pay the restitution assessed against him; a final judgment, affirmed by the Sixth Circuit, was entered in that case; and Defendant had a full and fair opportunity to litigate the issue.[6]

### b.    Notices of Federal Tax Lien

Defendant fails to address the NFTLs or explain why they were not validly issued and recorded. Defendant also does not dispute that he is the sole owner of the subject property. To the extent Defendant contends that the NFTLs are invalid because they are based on the vacated criminal judgment, the argument fails for the reasons stated above. Accordingly, the United States is entitled to an order finding that the tax liens are valid and may be enforced by a judicial sale of the subject property in accordance with 26 U.S.C. § 7403(c).

### III.    Conclusion

For the foregoing reasons, I recommend that the Court **deny** Defendant's motion to dismiss (ECF No. 162), **grant** the United States' motion for summary judgment (ECF No. 167), and enter an order that the assessments and tax liens are valid and enforceable and that the United States

---

[6] I have also considered the arguments Defendant raised in his surreply to the United States' reply (ECF No. 211), and they do not alter the analysis set forth herein. First, contrary to Defendant's argument, the United States did file NFTLs with regard to the non-restitution-based assessment for the 2006 tax year. (ECF Nos. 167-21, 167-22.) Second, the May 4, 2021 Statutory Notice of Deficiency that the IRS sent Defendant is irrelevant to the assessments in the instant case, as that issue is currently before the Tax Court. Finally, I have previously addressed Defendant's contention that the 2021 revocation of his supervised release somehow voided or invalidated the December 2019 restitution-based assessments. Moreover, the supervised release judgment entered in Case No. 1:19-pt-30 did not disturb the original restitution requirement from the prior criminal judgment.

may propose a lawful sale procedure for the subject property under 26 U.S.C. § 7403, including the appointment of a receiver to enforce the tax liens.

Dated: January 28, 2022                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).