UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                          Hon. Janet T. Neff

v.                                                          Case No. 1:19-cv-339

DANIEL THODY, et al.,

        Defendants.
_____/

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On January 28, 2022, I issued a Report and Recommendation (R&R) (ECF No. 222) recommending that the Court grant the United States' Motion for Summary Judgment (ECF No. 167) and deny Defendant Daniel I. Thody's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 162.) This supplemental Report and Recommendation pertains to two issues or developments the United States raised following issuance of the R&R. As set forth below, neither issue is material to the recommendations set forth in the R&R. Nonetheless, I address them in this Supplemental Report and Recommendation to afford Defendants an opportunity to address them in separate objections.

The United States raised the present issues in its Notice of Fact Error (ECF No. 224) filed on February 2, 2022. The first issue pertains to the Notice of Federal Tax Lien (NFTL) for the 2006 tax year. The R&R found that assessments for income tax and penalties for the 2006 tax year were issued on May 4, 2009, and NFTLs were filed/re-filed on November 20, 2017, and April 15, 2019, for those years, prior to the date this action was filed. (ECF No. 222 at PageID.1481, 1483.) It appears that after the United States filed this action, the IRS's computer program used to assure

abatement of expiring liabilities erroneously caused the IRS to abate the assessment for the 2006 year, which in turn resulted in the filing of a Certificate of Release of Federal Tax Lien (Certificate) for the 2006 year with the Newaygo County Register of Deeds. Although the erroneous abatement was reversed, the Certificate remained on record. It appears that the United States' counsel first became aware of the Certificate when Defendant Daniel Thody served a draft Rule 11 motion on the United States, raising, among other things, the existence of the Certificate (recorded on May 29, 2019), which he had included as an exhibit to his surreply filed on January 6, 2022. (ECF Nos. 211, 211-10.) Upon discovering the Certificate, the United States notified the IRS, which filed Revocations of Release of Federal Tax Lien and a new NFTL pertaining to the 2006 tax year. Those documents were recorded with the Newaygo County Register of Deeds on February 2, 2022. (ECF Nos. 226-1–226-3.)

The filing of the Certificate does not alter the recommendations set forth in the R&R for several reasons. First, even though the Certificate released the lien with regard to the 2006 tax year, it did not affect the NFTL for the restitution liabilities for the 2006 through 2010 years, which remain valid and in effect. Second, even if the 2006 lien was extinguished, the tax liability for that year remains in place. *United States v. DeTar*, No. 1:04-CV-749, 2009 WL 2252822, at *3 (W.D. Mich. July 28, 2009) (citing *Boyer v. Comm'r of Internal Revenue*, 86 T.C.M. (CCH), 2003 WL 22725293, at *3 (2003)). Finally, the Internal Revenue Code and related regulations permit the IRS to revoke an erroneously-issued Certificate by mailing a notice of the revocation to the taxpayer and filing notice of the revocation with the office in which the NFTL was filed. 26 U.S.C. § 6325(f)(2); 26 C.F.R. § 301.6325-1(f)(2); *see also United States v. Rogers*, 558 F. Supp. 2d 774, 789 (N.D. Ohio 2008) (noting that a NFTL that operated as a certificate of release was properly reinstated by the IRS's subsequent filing of a revocation of certificate of release of federal tax lien

pursuant to 26 U.S.C. § 6325(f)(2)). Accordingly, as set forth above, the lien for the 2006 year has been reinstated and may be enforced pursuant to 26 U.S.C. § 7403(c).

The second issue the United States raises pertains to the civil assessments made in 2021. The United States had previously informed the Court that the assessment process had been completed in September 2021. (ECF No. 194 at PageID.993.) It appears, however, that because Daniel Thody had filed a timely petition in the Tax Court, the deficiency assessments were premature. (ECF No. 224 at PageID.1498.) The United States represents that the IRS has reversed the 2021 assessments and has filed a withdrawal of the associated NFTL certificates with the Newaygo County Register of Deeds. (*Id.* at PageID.1498–99.) In any event, the 2021 assessments and related NFTLs are not before this Court in this action, and therefore, are immaterial to the issues previously addressed in the R&R.

Dated: February 16, 2022               /s/ Sally J. Berens
                                       SALLY J. BERENS
                                       U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).