UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL I. THODY, et al.,

    Defendants.
_____/

Case No. 1:19-cv-339

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff United States of America initiated this action to reduce to judgment the outstanding federal tax liability of Defendant Daniel I. Thody and enforce the judgment against real property in Defendant Daniel I. Thody's name, located in Newaygo County, Michigan (Am. Compl., ECF No. 51).

This case was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (ECF No. 222) recommending that the Court: (1) deny Defendant Daniel I. Thody's Motion to Dismiss for Lack of Jurisdiction (ECF No. 162); and (2) grant Plaintiff's Motion for Summary Judgment (ECF No. 167). The Magistrate Judge also issued a Supplemental Report and Recommendation relating to the Notice of Federal Tax Lien for 2006 and the civil assessments for 2021 (ECF No. 231), reiterating the recommendations set forth in the Report and Recommendation (*id.* at PageID.1551-1552).

Before the Court now are the objections to the Report and Recommendation (ECF No. 222): Defendant Daniel I. Thody's Objections (ECF No. 227) and Defendant Walter-Eliyah

Thody's Objections[1] (ECF No. 228). Defendant Daniel I. Thody also submitted Objections (ECF No. 242) to the Supplemental Report and Recommendation (ECF No. 231). Plaintiff responded to these objections (ECF No. 246).

Defendant Walter-Eliyah Thody also filed a "Motion for Lawful Specification" (ECF No. 235) and Defendant Daniel I. Thody filed a Motion for Sanctions against Plaintiff (ECF No. 249). Plaintiff responded to the "Motion for Lawful Specification" (ECF No. 243). The Court finds that no response is needed to the Motion for Sanctions. For the reasons that follow, the Court approves and adopts the Magistrate Judge's recommendation; the objections are overruled and denied; and Defendants' other motions are denied.

The Court performs de novo review to those portions of a report and recommendation to which clear and specific objections are raised. FED. R. CIV. P. 72(b)(3); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*); Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) ("De novo review of a magistrate judge's recommendation is required only where the objections filed were not frivolous and only applies to factual disputes."). "[G]eneral objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

This Court is not obligated to revisit recast arguments that were thoroughly addressed by the report and recommendation. *See, e.g., Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019

---

[1] The Court will not consider Defendant Walter-Eliyah Thody's Objections because the Court previously entered default judgment against Defendant Walter-Eliyah Thody, finding that he has no right, title, claim, lien, or interest in the real property that is the subject of this suit (ECF No. 163 at PageID.756).

WL 3205838, at *1 (W.D. Mich. July 16, 2019). Objections should be targeted at identifying a factual or legal error in the report and recommendation, which undermines the conclusions and recommendations in the report and recommendation. *See, e.g.*, *Longwish v. Alexis*, No. 1:12-CV-53, 2013 WL 967691, at *1 (W.D. Mich. Mar. 12, 2013). In addition, new arguments or circumstances raised for the first time in the objections will not be considered. *See Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing and quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Defendant Daniel I. Thody provides the Court with approximately thirty-pages of objections, in twenty-six numbered paragraphs with multiple sub-parts (ECF No. 227 at PageID.1510-1541). These Objections dispute Defendant Daniel I. Thody's tax liability and restitution assessment but barely attack the Magistrate Judge's recommendation that res judicata and issue preclusion applies, and this case is exceptionally narrow.[2]

Defendant Daniel I. Thody attempts to re-litigate issues already conclusively established by stating general disagreements with the Magistrate Judge's premises and suggested conclusion. *See, e.g.*, *Scott v. City of Battle Creek*, No. 1:21-CV-11, 2022 WL 136459, at *2 (W.D. Mich. Jan. 14, 2022) (the magistrate judge accurately summarized the elements of collateral estoppel and explained why it precludes re-litigation of issues). The majority of Defendant Daniel I. Thody's objections fail to "object" as that term is used in the context of FED. R. CIV. P. 72. *See Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). The Court

---

[2] Defendant Daniel I. Thody states: "[T]he Magistrate errs and apparently attempts to relabel the raised issue of Collateral Estoppel as 'Issue preclusion', and blatantly ignores Defendant's arguments . . . showing why Collateral Estoppel or 'Issue preclusion' is not relevant in the instant case. Thereby failing to properly consider the record as she never addresses or negates any of the points raised therein by Defendant" (ECF No. 227 at PageID.1533).

explains below why Defendant I. Thody fails to object and reinforces the narrowness of the Court's review here.

Defendant Daniel I. Thody's main objection is that the Magistrate Judge failed to properly apply the standard for summary judgment by failing to view the facts in the light most favorable to him (ECF No. 227 at PageID.1522). The Court recalls the standard on this motion: a dispute is only "genuine" if the evidence permits a reasonable jury to return a verdict in favor of the nonmovant, and a fact is "material" if it may affect the outcome of the suit. *Wylie & SonsLandscaping, LLC v. FedEx Ground Package Sys., Inc.*, 696 F. App'x 717, 723 (6th Cir. 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A survey of Defendant's frivolous arguments, which Defendant Daniel I. Thody has rehearsed many times before this Court, shows that Defendant Daniel I. Thody has not pointed to a genuine dispute of material fact:

- the Government must establish the amount of tax liability at trial (*id.* at PageID.1511);

- "taxes other than income tax are included in the $162,037 total" (*id.* at PageID.1512);

- Thody is a sovereign citizen exempt from taxes (*id.* at PageID.1512);

- the only evidence on the record is [Forms] 4340 merely noting a date on which assessments were allegedly made (*id.* at PageID.1513);

- the IRS has never actually made an assessment based on a non-vacated judgment (*id.* at PageID.1514);

- the "DOJ/IRS has from the beginning been basing their actions on an illegal and vacated Restitution Order, and IRS has yet to date to perform an assessment based on a valid judgment which has not been vacated" (*id.* at PageID.1521).

- the Magistrate adopts DOJ's language claiming that non-Restitution assessment was 'based on information returns filed by third parties reporting income that they paid to Defendant during 2006', despite there being NO evidence on record that what was reported was 'income' as contrasted to merely 'compensation' which

4

> MIGHT under some circumstances meet the definition of 'income' as used in the IRC (*id.* at PageID.1523);

These arguments have already been conclusively rejected, and the doctrine of res judicata bars Defendant Daniel I. Thody's re-litigation of these issues. *In re Otworth*, No. BG 15-01586, 2015 WL 5781512, at *1, 7 (Bankr. W.D. Mich. Oct. 2, 2015); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) ("The doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action.").

Further, certificates of assessment such as Forms 4340, provided to Defendant Daniel I. Thody, are presumptively correct and sufficient proof of "the adequacy and propriety of the notices" given (ECF No. 246 at PageID.1602). *See, e.g.*, *United States v. Grable*, No. 1:90:CV:971, 1992 WL 459590, at *4 (W.D. Mich. Nov. 18, 1992) (federal tax assessment made pursuant to 6 U.S.C. § 6203 and 26 C.F.R. 301.6203-1 is proper and permits the Internal Revenue Service to initiate proceedings to enforce and collect taxes due); *United States v. Shelly*, 482 F. App'x 152, 155 (6th Cir. 2012) ("There is no requirement that the government provide more evidence than that [certificates of assessment] *unless* the taxpayers challenge their receipt of the mailings by providing contrary evidence"); *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). Defendant Daniel I. Thody request for supporting documents is not a valid ground for objecting to the assessments because he is not entitled to supporting documents (ECF No. 227 at PageID.1518; ECF No.1603-1604, 1613). *See Gentry*, 962 F.2d at 557.

Defendant Daniel I. Thody mistakes the limited nature of this proceeding. The Court's role here is to determine whether the assessments and the federal tax liens are valid.[3] The grounds

---

[3] "'A federal tax lien arises once an assessment occurs, and it attaches once the taxpayer fails to pay the taxes after demand has been made.'" *Parker v. United States*, No. 4:92-CV-28, 1993 WL 300184, at *2 (W.D. Mich. May 10, 1993) (quoting *United States v. Big Value Supermarkets, Inc.,*

5

for objecting are also similarly limited in a proceeding such as this. The potential issues in dispute include: whether the assessments are certified, *see Gentry*, 962 F.2d at 557; whether the IRS provided the taxpayer with the notice of the assessment and the demand for payment;[4] and whether the taxpayer fully satisfied the deficiency. *United States v. Hillman*, No. 1:00CV753, 2002 WL 358655, at *3 (W.D. Mich. Jan. 30, 2002), *aff'd*, 60 F. App'x 563 (6th Cir. 2003) ("A showing that federal taxes have been assessed and that balances remain due on each assessment is sufficient proof of tax liability.").[5]

The lone discernible argument and objection that Defendant I. Thody makes to the pertinent issues here is the same frivolous argument that he has made many times before: that he is a "sovereign citizen," and he tendered a symbolic payment of "dollars" (ECF No. 227 at PageID.1531). Defendant I. Thody's repetitive, frivolous arguments are aimed at nothing more than taxing the court system and delaying payment of his federal tax liability. "This Court has considered and denied similar arguments by other taxpayers, imposing sanctions against taxpayers

---

898 F.2d 493, 496 (6th Cir. 1990)). "Section 6303 does not require any particular form of notice in order for a tax lien to attach; all that is required is that the notice shall state the amount of the tax and demand payment thereof." *Parker*, WL 300184, at *2 (citing *Planned Investments, Inc. v. United States,* 881 F.2d 340, 344 (6th Cir. 1989)).

[4] As the United States notes, Defendant Daniel I . Thody admits to receiving notice and demand letters in his prior filing incorporated into this objection (ECF No. 246 at PageID.1109, citing ECF No. 211-16 at PageID.1400).

[5] *See also Grable*, WL 459590, at *4 (citing *Berman v. United States*, 825 F.2d 1053, 1056 (1987) ("Section 6303 provides that within 60 days of the assessment, the IRS must provide taxpayer with notice of the assessment and demand for payment. 26 U.S.C. § 6303. Section 6321, 26 U.S.C. § 6321, creates a lien on the property of taxpayer in favor of the United States after demand has been made."); *U.S. v.Georgi*, No. 1:97-CV-233, 1998 WL 422904, at *2 (W.D. Mich. Apr. 16, 1998) ("[T]he Internal Revenue Code provides that "[i]nterest prescribed . . . on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes." 26 U.S.C. § 6601(e)(1). Statutory additions, such as interest and penalties under 26 U.S.C. §§ 6601, 6621, and 6651, may accrue, and judgment for the Government on those amounts may be proper, even though the Government has not yet assessed those amounts.").

who continued to insist on making such a frivolous argument." *United States v. Griffin*, No. 1:98-CV-196, 1998 WL 786209, at *5 (W.D. Mich. Sept. 28, 1998), *aff'd*, 191 F.3d 453 (6th Cir. 1999).

The Court has reviewed the Report and Recommendation on Defendant Daniel I. Thody's Motion to Dismiss and the United States' Motion for Summary Judgment and finds it factually sound and legally correct. The Court has jurisdiction over this action. 28 U.S.C. §§ 1331, 1340 and 1345; 26 U.S.C. §§ 7402(a) and 7403(c). The facts material to the United States' motion for summary judgment are undisputed. Defendant Daniel I. Thody has submitted no evidence contradicting the United States' claims. The assessments and tax liens are valid and enforceable. The Court will grant the United States' motion for summary judgment reducing the tax assessments of $180,888.82 for the years 2006-2010, plus accruals, to judgment.

Therefore,

**IT IS HEREBY ORDERED** that Defendant Daniel I. Thody's Objections (ECF No. 227) are **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that Defendant Walter-Eliyah Thody's Objections (ECF No. 228) are **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that Defendant Daniel I. Thody's Objections (ECF No. 242) are **OVERRULED AND DENIED**.

**IT IS FURTHER ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 222) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate Judge's Supplemental Report and Recommendation (ECF No. 231) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Daniel I. Thody's Motion to Dismiss for Lack of Jurisdiction (ECF No. 162) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion for Summary Judgment (ECF No. 167) is **GRANTED**.

**IT IS FURTHER ORDERED** that the assessments and tax liens are valid and enforceable against Defendant Daniel I. Thody.

**IT IS FURTHER ORDERED** that the United States may propose a lawful sale procedure for the subject property under 26 U.S.C. § 7403 and recover the proceeds of the sale to be applied against the outstanding assessed tax liability.

**IT IS FURTHER ORDERED** that the "Motion for Lawful Specification" (ECF No. 235) is DENIED for the reasons stated in United States' Response (ECF No. 243 at PageID.159-1591).

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (ECF No. 249) is DENIED as frivolous.

**IT IS FURTHER ORDERED** that Defendant Daniel I. Thody will be sanctioned if he continues to file repetitive, frivolous arguments by being placed on restrictive filer status.

Because this Opinion and Order resolves all pending claims in this case, the Court will also issue a corresponding Judgment.  *See* FED. R. CIV. P. 58.


Dated:  April 12, 2022                             /s/ Janet T. Neff
                                                                                    JANET T. NEFF
                                                                                    United States District Judge